IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK RONALD HOLLEY, Sr.,

        Plaintiff,                    No. CIV-06-1204 LKK CMK P

    vs.

ASSOCIATE WARDEN S. MORENO, et al.,

        Defendants.           ORDER AND

                                 /        FINDINGS AND RECOMMENDATIONS

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

Title 28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis prior to service "if the allegation is untrue, or if satisfied that the action is frivolous or malicious." Under this standard, a district court may review the complaint and dismiss sua sponte those claims premised on meritless legal theories or that clearly lack any factual basis. See Denton v. Hernandez, 112 S.Ct. 1728, 1730-31 (1992). Pro se pleadings must be liberally construed, however, especially where civil rights claims are involved. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In considering whether to dismiss an action as frivolous pursuant to § 1915(d), the court has especially broad discretion. Conway v. Fugge, 439 F.2d 1397 (9th Cir. 1971). The Ninth Circuit has held that an action is frivolous if it lacks arguable substance in law and fact. Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court's determination of whether a complaint or claim is frivolous is based on "'an assessment of the substance of the claim presented, i.e., is there a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" Franklin, 745 F.2d at 1227 (citations omitted).

Plaintiff's complaint was filed with the court on June 2, 2006. In his complaint, plaintiff alleges that defendants violated his rights under the Religious Land Use Institutionalized Persons Act (RLUIPA) and under the Equal Protection Clause of the Fourteenth Amendment by punishing him for refusing to cut his hair as required by the California Department of Corrections and Rehabilitation's Grooming standards.

Plaintiff states in his complaint, and the court's own records reveal, that in September 2004, plaintiff filed a complaint containing virtually identical allegations against similar defendants.

1  (No. Civ. S-04-2006 MCE JFM );[1] see 28 U.S.C. § 1915, see also, Van Meter v. Morgan, 518 F.2d
2  366, 368 (8th Cir. 1975)(a pro se complaint repeating the same factual allegations asserted in a prior
3  case, even if filed against new defendants, is subject to dismissal.  Due to the duplicative nature of
4  the present action, the court finds it frivolous and, therefore, will dismiss the action.  28 U.S.C.
5  § 1915(d).
6         IT IS ORDERED that:
7         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
8         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The
9  fee shall be collected and paid in accordance with this court's order to the Director of the California
10 Department of Corrections filed concurrently herewith.
11        IT IS RECOMMENDED that this action be dismissed without prejudice.  See Fed. R.
12 Civ. P. 41(b).
13        These findings and recommendations are submitted to the District Judge assigned to
14 this case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served
15 with these findings and recommendations, plaintiff may file written objections with the court.  The
16 document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
17 Plaintiff is advised that failure to file objections within the specified time may waive the right to
18 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19
20 DATED:  August 16, 2006.
21
22                  /s/ Craig M. Kellison
                **CRAIG M. KELLISON**
23                 UNITED STATES MAGISTRATE JUDGE
24

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3